Clovis Edward COUNTS, Jr., Appellant,

v.

Diana L. COUNTS, Appellee.

No. 19338.

Court of Civil Appeals of Texas, Dallas.

Dec. 14, 1977.

Kenneth D. Fuller, Garland, for appellant.

James R. Handy, Handy & Morgan, Inc., Hurst, for appellee.

AKIN, Justice.

■ The principal question on this appeal is whether exclusive continuing jurisdiction attaches, under § 11.05(c)[1] of the Texas Family Code (Vernon Supp. 1976–77), when the State Department of Public Welfare erroneously informs a court that no other court has continuing jurisdiction affecting the parent-child relationship, but then corrects that information to show that another court does have continuing jurisdiction. We hold that exclusive jurisdiction does not attach. Accordingly, we affirm.

Appellant, Clovis Counts, Jr., appeals from an order of a Dallas County district court dismissing his petition seeking modification of the managing conservatorship of his minor child, Curtis E. Counts. In his petition filed on February 15, 1977, appellant alleged that no other court had continuing jurisdiction. In response, appellee asserted in a motion to dismiss, dated February 25, 1977, that the Schleicher County Court had continuing jurisdiction and attached a copy of an order of that court dated January 12, 1976, increasing child support. On March 4, 1977, the welfare department notified the court that no court had continuing jurisdiction. Thereafter, prior to any hearing, the welfare department notified the court on April 5, 1977, that the Schleicher County Court had jurisdiction of the parent-child relationship. On April 8, 1977, appellee filed her second motion to dismiss, which was granted after an evidentiary hearing on April 14, 1977. Thus, our sole question is whether the erroneous first report of the welfare department may be corrected.

Appellant argues that § 11.05(c) is mandatory and consequently, when the Dallas court was informed by the Department of Public Welfare on March 4, 1977, that no other court had continuing jurisdiction over that child, whether that information was correct or incorrect, continuing exclusive jurisdiction vested permanently in the Dallas court and, consequently, a subsequent report from the Department was immateri-

---

1. Unless otherwise indicated, all references are to the Texas Family Code.

al. In support of his position, appellant cites § 11.05(c) as amended, which provides:

A court shall have jurisdiction over a suit affecting the parent-child relationship if it has been, *correctly or incorrectly,* informed by the State Department of Public Welfare that the child has not been the subject of a suit affecting the parent-child relationship . . . [Emphasis added indicates the 1975 amendment.]

Thus, appellant argues that the legislature by adding the language "correctly or incorrectly" intended to vest a court with continuing exclusive jurisdiction as soon as it is informed the child has not been the subject of a suit affecting the parent-child relationship, even though that information may be incorrect. We cannot agree. As we read the statute, it provides for the possibility of an erroneous report being submitted by the welfare department when it used the term "incorrectly." We perceive that the legislature intended that the forum court have jurisdiction to act based upon the welfare report, but implicit in this section, in our view, is that the legislature intended that such a report can be corrected. It would be absurd indeed to hold, as appellant would have us do, that a clerical error by the welfare department cannot be corrected, thus divesting a court of continuing jurisdiction and vesting that jurisdiction in another court. *See Smith v. Smith,* 519 S.W.2d 152, 153 (Tex.Civ.App.—Dallas 1974, writ ref'd). We hold, therefore, that such an erroneous report may be corrected and that the forum court has jurisdiction until such a corrected report is received from the welfare department.

In further support of appellant's contention, he points to § 11.06(d) which provides that even if a court has continuing jurisdiction over a child, if another court acquires jurisdiction under § 11.05(c), then that court "shall" transfer the case to the court acquiring jurisdiction under § 11.05(c). Thus, appellant concludes that the legislature intended even an erroneous report from the welfare department to irrevocably activate § 11.05(c) to oust a court of continuing jurisdiction. We cannot agree because this argument assumes the main point, which is,

that the Dallas court acquired jurisdiction under § 11.05(c) and that the report of the welfare department cannot be corrected, which we have held to be untenable.

■■■ As we perceive the purpose of § 11.05(c), it is to provide jurisdiction to protect the interest of children, so that a court can act to protect the interest of children even where another court may have continuing jurisdiction of the parent-child relationship under § 11.05(c) but where such fact is unknown to the forum court. Section 11.071(d) provides, however, that if the court in which a petition is filed affecting the parent-child relationship determines that another court has continuing jurisdiction, which factual determination was made here, then the court should dismiss the suit without prejudice. In this case, the issue with respect to the jurisdiction of the Dallas court was forthwith challenged by appellee's motion to dismiss, attaching copies of a certified order of the Schleicher court clearly showing that the Schleicher court was the court with continuing jurisdiction of the parent-child relationship. When the welfare department sent its erroneous report to the contrary, an obvious conflict in the evidence was presented which appellee attempted to resolve by requesting the welfare department to recheck its records. This recheck of the records of the welfare department resulted in a corrected report reflecting the Schleicher court as the court with continuing jurisdiction of the parent-child relationship. Thus, in our opinion, the Dallas court acted properly in dismissing the suit and preventing the unseemly conflict between two courts as condemned in *Curtis v. Gibbs,* 511 S.W.2d 263 (Tex.1964). Accordingly, we hold that once the Dallas court was informed by the welfare department that the Schleicher County Court had continuing exclusive jurisdiction over the minor child, whether it be a first report or an amended one, it had the duty to dismiss the case without prejudice. § 11.071(d). This holding follows the principles of dominant jurisdiction enunciated in *Curtis v. Gibbs, supra,* and *Ex Parte Jabara,* 556 S.W.2d 592, 597

(Tex.Civ.App.—Dallas 1977, no' writ). Accordingly, the order of dismissal is affirmed. We express no opinion with respect to the situation where an adverse party, having the correct information with respect to the court having continuing jurisdiction, fails promptly to call that information to the forum court's attention.