(comment: 1)

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-063-CV

IN RE 

STELLA ATWOOD RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1) AND JUDGMENT

------------

The court has considered relator's petition for writ of mandamus and writ of prohibition and is of the opinion that relief should be denied.  Accordingly, relator's petition for writ of mandamus and writ of prohibition is denied.

Relator shall pay all costs of this original proceeding, for which let execution issue.

TERRIE LIVINGSTON

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

MCCOY, J., filed a concurring opinion.

DELIVERED: May 20, 2004

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-063-CV

IN RE 

STELLA ATWOOD RELATOR

------------

ORIGINAL PROCEEDING

------------

CONCURRING OPINION

------------

I concur in the result reached by the majority; however, I write separately to clarify that although it appears the trial court violated its ministerial duty to dismiss the case without prejudice once it received the determination from the Bureau of Vital Statistics that the 325
th
 District Court is the court of continuing jurisdiction,
(footnote: 2) relator has failed to show that she does not have an adequate remedy by appeal.  
“[D]irect appeal is generally an adequate remedy for a court’s improper assertion of subject matter jurisdiction.”  
In re McCoy
, 52 S.W.3d 297, 301 (Tex. App.—Corpus Christi 2001, orig. proceeding) (citing 
Bell Helicopter Textron, Inc. v. Walker
, 787 S.W.2d 954, 954-55 (Tex. 1990)).  A remedy by ordinary appeal is not inadequate merely because it may involve more expense or delay than obtaining a writ of mandamus.  
Walker v. Packer
, 827 S.W.2d 833, 842 (Tex. 1992) (orig. proceeding).

The trial court has already rendered a judgment on the merits even though that judgment has not yet been reduced to writing.  The lack of a written judgment appears to be relator’s only impediment to appeal, if any.  
See
 
Tex. R. App. P.
 26.1(a).  Relator does not contend that the trial court has refused to sign a written judgment.  In fact, relator has asked this court to prohibit the trial court from doing so.  
This is not the type of compelling situation, such as a custody dispute that must be resolved expeditiously for the child’s and parents’ best interests, that lends itself to resolution by mandamus when a direct appeal is readily available.
(footnote: 3)  

BOB MCCOY

JUSTICE

DELIVERED: May 20, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.

2:
See
 
Tex. Fam. Code Ann.
 §155.102 (Vernon 2002); 
Counts v. Counts
, 560 S.W.2d 186, 188 (Tex. Civ. App.—Dallas 1977, no writ). 

3:
This case involves the attempt to collect back child support on behalf of a now 39-year-old adult.

COMMENTS AND ANNOTATIONS
Comment 1:
Concurring Opinion by Judge McCoy