COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-063-CV
 
 
IN 
RE
STELLA 
ATWOOD                                                                     RELATOR
 
  
------------
 
ORIGINAL 
PROCEEDING
 
------------
 
MEMORANDUM OPINION[1] AND JUDGMENT
 
------------
        The 
court has considered relator's petition for writ of mandamus and writ of 
prohibition and is of the opinion that relief should be denied. Accordingly, 
relator's petition for writ of mandamus and writ of prohibition is denied.
        Relator 
shall pay all costs of this original proceeding, for which let execution issue.
  
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
  
 
PANEL 
A:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.
 
MCCOY, 
J., filed a concurring opinion.
 
DELIVERED: 
May 20, 2004

McCoy Concurrence
COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-063-CV
  
   
IN 
RE
STELLA 
ATWOOD                                                                     RELATOR

 
------------

ORIGINAL 
PROCEEDING

------------

CONCURRING OPINION

------------
        I 
concur in the result reached by the majority; however, I write separately to 
clarify that although it appears the trial court violated its ministerial duty 
to dismiss the case without prejudice once it received the determination from 
the Bureau of Vital Statistics that the 325th District Court is the 
court of continuing jurisdiction,[2] relator has 
failed to show that she does not have an adequate remedy by appeal. “[D]irect 
appeal is generally an adequate remedy for a court’s improper assertion of 
subject matter jurisdiction.” In re McCoy, 52 S.W.3d 297, 301 (Tex. 
App.—Corpus Christi 2001, orig. proceeding) (citing Bell Helicopter 
Textron, Inc. v. Walker, 787 S.W.2d 954, 954-55 (Tex. 1990)). A remedy by 
ordinary appeal is not inadequate merely because it may involve more expense or 
delay than obtaining a writ of mandamus.  Walker v. Packer, 827 
S.W.2d 833, 842 (Tex. 1992) (orig. proceeding).
        The 
trial court has already rendered a judgment on the merits even though that 
judgment has not yet been reduced to writing.  The lack of a written 
judgment appears to be relator’s only impediment to appeal, if any.  See 
Tex. R. App. P. 26.1(a).  
Relator does not contend that the trial court has refused to sign a written 
judgment. In fact, relator has asked this court to prohibit the trial court from 
doing so.  This is not the type of compelling situation, such as a custody 
dispute that must be resolved expeditiously for the child’s and parents’ 
best interests, that lends itself to resolution by mandamus when a direct appeal 
is readily available.[3]
  
   
                                                          BOB 
MCCOY
                                                          JUSTICE

DELIVERED: 
May 20, 2004


NOTES
1.   
See Tex. R. App. P. 47.4.
2.  
See Tex. Fam. Code Ann. §155.102 
(Vernon 2002); Counts v. Counts, 560 S.W.2d 186, 188 (Tex. Civ. 
App.—Dallas 1977, no writ).
3.  
This case involves the attempt to collect back child support on behalf of a now 
39-year-old adult.