NUMBER 13-05-345-CV 

                         COURT OF
APPEALS

               THIRTEENTH
DISTRICT OF TEXAS

                  CORPUS CHRISTI
- EDINBURG

__________________________________________________________

              
IN RE: LISA DENISE SANTOS

__________________________________________________________

                     On Petition for Writ of
Mandamus

__________________________________________________________

                            M E M O R A N D U
M  O P I N I O N  

     Before
Chief Justice Valdez and Justices Hinojosa and 
Rodriguez

                                                         Opinion Per Curiam

 

  

 








On May 26, 2005, relator, Lisa Denise Santos, filed
a petition for writ of mandamus 
asserting that respondent, the Honorable Jack E. Hunter, presiding judge
of the 94th District Court of Nueces County, lacked jurisdiction to grant
interim custody orders  pertaining to
relator=s daughter, I.E.T. 
Relator also concurrently filed an emergency motion requesting that this
Court (1) vacate the AInterim Temporary Orders@ which granted temporary custody of relator=s daughter to Michelle Moore in Cause No.
04-07371-C, (2) dismiss Cause No. 04-07371-C for lack of standing, and (3) set
a hearing on relator=s motion for attorneys= fees
and sanctions.  In response to this
emergency motion, we temporarily stayed all orders and requested a response
from the real parties in interest, James Eric Tankersley and Michelle
Moore.   

Background

Relator=s daughter, I.E.T., was born on December 12,
2004.  At the time of I.E.T.=s birth, relator was legally married to Adelfino
Medina.  On December 22, 2004, Michelle
Moore, claiming to be I.E.T.=s paternal grandmother, filed a ASuit Affecting Parent-Child Relationship@ in Nueces County, numbered Cause No. 04-07301-C, as
well as a request for a temporary restraining order preventing relator and
James Tankersley, Moore=s son, from removing I.E.T. from Moore=s possession. 
Moore was granted interim custody by the trial court.   

At the same time, relator=s divorce from Medina was pending in the 79th
District Court of Jim Wells County as Cause No. 04-07-42658-CV.  After granting Moore interim custody,
respondent transferred Moore=s suit to the 79th District Court.  

Analysis








Generally, mandamus relief is only available when
the petitioner can show (1) the trial court committed a clear abuse of
discretion or the violation of a duty imposed by law and (2) the petitioner has
no other adequate remedy. See Walker v. Packer, 827 S.W.2d 833, 839‑40
(Tex. 1992).  Mandamus is the appropriate
vehicle to challenge the trial court=s temporary orders in pending family law litigation,
as temporary orders under the Texas Family Code are not subject to interlocutory
appeal. See Tex. Fam. Code Ann.
' 105.001(e) (Vernon Supp. 2004-05); see also In
re McCoy, 52 S.W.3d 297, 301 (Tex. App.BCorpus
Christi 2001, orig. proceeding).  Thus,
as relator has no other adequate remedy, we must determine whether the trial
court committed a clear abuse of discretion.

In her pleadings, relator alleges that Moore lacks
standing to initiate a suit affecting the parent-child relationship.  Without standing, a court lacks subject
matter jurisdiction to hear the case and must dismiss it.   See Tex. Ass'n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 443‑44 (Tex. 1993).  If a district court lacks jurisdiction over a
claim because of a lack of standing, then its decision does not bind the
parties and is void.  See State Bar of
Tex. v. Gomez, 891 S.W.2d 243, 245 (Tex. 1994).  








The Texas Family Code provides a  specific list of parties who may initiate a
suit affecting the parent-child relationship; these parties include parents, a
guardian, and a qualified government agency, among others.  See Tex.
Fam. Code Ann. ' 102.003 (a) (Vernon Supp. 2004-05).  Moore, who claims to be the paternal
grandmother of I.E.T., is not a person qualified to initiate a suit of this
nature.  See id.  Furthermore, Moore=s relationship to I.E.T. has not been legally
determined.  As stated above, at the time
of I.E.T.=s birth, her mother was legally married to Adelfino
Medina.  Under Texas family law, a man is
legally presumed to be the father of a child if he is married to the mother of
the child and the child is born during the marriage.  See id.  ' 160.204(a). 
Although James Tankersley has filed an Aaffidavit
of status@ asserting his paternity of I.E.T.,  this alone is insufficient to rebut the legal
presumption of paternity in Medina.  See
id. at ' 160.204(b). 
Without an official adjudication of paternity, or a valid denial of
paternity filed by the presumed father, the presumption that Medina is I.E.T.=s father must stand.[1]  See id. 
Therefore we conclude that the trial court lacked jurisdiction to
grant Moore custody of I.E.T., and its order was therefore void.  Furthermore, its failure to dismiss the case
for lack of jurisdiction constitutes a clear abuse of discretion.[2]  

Relator also requests that we order the trial court
to set a hearing on relator=s motion for attorney=s fees
and sanctions.  We review a trial
court's ruling on a motion for sanctions for an abuse of discretion.  Herring v. Welborn, 27 S.W.3d 132, 143
(Tex. App.BSan Antonio 2000, pet. denied).  There is a presumption that pleadings are
filed in good faith.  See GTE
Communications Sys. Corp. v. Tanner, 856 S.W.2d 725, 731 (Tex. 1993).
Relator alleges in her pleadings that Moore=s suit
was groundless and brought in bad faith and solely for the purpose of harassing
relator.  We have reviewed the record,
however, and find that there is no evidence of bad faith or harassment, and we
conclude that relator has failed to overcome the presumption of good faith. 

Accordingly, we conditionally grant relator=s petition for writ of mandamus, and order the trial
court to vacate its interim temporary orders dated January 18, 2005 and to
dismiss the underlying proceeding for lack of jurisdiction.  The writ will not issue unless respondent
fails to comply with this Court=s directive. 
We deny relator=s request that this Court order the trial court to
set a hearing on her motion for attorney=s fees and sanctions.

 

PER CURIAM

Memorandum opinion delivered and filed 

this 16th day of June, 2005.  











[1]We note that the 79th District
Court of Jim Wells County, in which the divorce case between Medina and relator
is proceeding, may adjudicate the paternity of I.E.T, see Tex. Fam. Code Ann. ' 160.610 (Vernon 2002), and may
issue temporary orders.  See Tex. Fam. Code Ann. '' 105.001, 156.006 (Vernon Supp.
2004-05).  





[2]Moore also claimed to have standing
to file the underlying suit based on her status as I.E.T.=s grandmother under the family code=s provision allowing grandparents
to file suit in order to request managing conservatorship.  See Tex.
Fam. Code. Ann. ' 102.004(a) (Vernon 2002).  However, because Moore has established as yet
no legal relationship to the child, she also lacks standing to assert this
claim.