NUMBERS 13-05-428-CV

  
13-05-523-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG        

 

 

                                      IN
RE: LISA DENISE SANTOS

 

 

                                  On
Petition for Writ of Mandamus

 

 

                               MEMORANDUM
OPINION

 

      Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Chief Justice Valdez

 

By this opinion we grant two separate petitions for
writ of mandamus filed by relator, Lisa Denise Santos.  

 

Background

Original Suit








Relator's daughter, I.E.T., was born on December 12,
2004.  At the time of I.E.T.'s birth,
relator was legally married to Adelfino Medina. 
On December 22, 2004, real-party-in-interest Michelle Moore, claiming to
be I.E.T.'s paternal grandmother, filed a "Suit Affecting Parent‑Child
Relationship" in Nueces County, Cause No. 04‑07301‑C, as well
as a request for a temporary restraining order preventing relator and James
Tankersley, Moore's son and I.E.T.=s father, from removing I.E.T. from Moore's
possession. Moore was granted interim custody by the trial court.

At the same time, relator's divorce from Medina was
pending in the 79th District Court of Jim Wells County as Cause No. 04‑07‑42658‑CV.
After granting Moore interim custody, respondent transferred Moore's suit to
the 79th District Court.

First Petition for Writ of Mandamus

In an effort to regain lawful custody of her
daughter, Lisa filed her first petition for writ of mandamus concerning this
issue with this Court.  We granted her
petition and held that Moore lacked standing to assert custody over the child.[1]  We therefore ordered the trial court to
vacate its interim temporary orders and to dismiss the underlying proceeding
for lack of jurisdiction.[2]
We also noted that the 79th District Court of Jim Wells County, in which the
divorce case between Medina and relator is proceeding, may adjudicate the
paternity of I.E.T. and issue temporary orders relating to custody.[3]

Second Petition for Writ of Mandamus








In blatant disregard of the order of this Court,
Moore sought out another district court, this time the 319th District Court of
Nueces County, and requested a temporary restraining order against relator,
while also filing a proceeding seeking to restrain relator from taking
possession of her child.  This proceeding
was designated as Cause. No. 05-03094-G. 
Relator again filed a petition for writ of mandamus with this Court as
well as a request for emergency relief staying all orders pending in the 319th
District Court.  We granted her request
for emergency relief, requested a response from Moore, and will address her
writ of mandamus here.  

Third Petition for Writ of Mandamus

Despite the orders of this Court, Moore refused to
turn the child over to relator.  Relator
then filed a writ of habeas corpus with the 214th District Court of Nueces
County requesting possession of her child. 
The proceeding in the 214th District Court was designated as Cause No.
05-3089-F.  The 214th District Court held
an evidentiary hearing, entered a temporary order naming relator and Moore
joint managing conservators of relator=s child, and transferred the habeas corpus
proceeding to the 319th District Court. 

By a third petition for writ of mandamus, relator
requested this Court order the 214th District Court to vacate its temporary
orders and grant her writ of habeas corpus. 


Analysis








Generally, mandamus relief is only available when
the petitioner can show (1) the trial court committed a clear abuse of
discretion or the violation of a duty imposed by law and (2) the petitioner has
no other adequate remedy.  See Walker
v. Packer, 827 S.W.2d 833, 839‑40 (Tex. 1992).  Mandamus is the appropriate vehicle to
challenge the trial court's temporary orders in pending family law litigation,
as temporary orders under the Texas Family Code are not subject to
interlocutory appeal. See Tex.
Fam. Code Ann. ' 105.001(e) (Vernon Supp. 2004‑05); see
also In re McCoy, 52 S.W.3d 297, 301 (Tex. App.BCorpus Christi 2001, orig. proceeding). Thus, as
relator has no other adequate remedy, we must determine whether the trial court
committed a clear abuse of discretion.

In our previous decision in this long chain of
petitions, we concluded that Moore lacked standing to file these claims for the
following two reasons:

(1)       The
Texas Family Code provides a specific list of parties who may initiate a suit
affecting the parent‑child relationship; these parties include parents, a
guardian, and a qualified government agency, among others. See Tex. Fam. Code Ann. ' 102.003 (a) (Vernon Supp. 2004‑05).  Moore, who claims to be the paternal grandmother
of I.E.T., is not a person qualified to initiate a suit of this nature. See
id.

 

(2)       At
the time of I.E.T.'s birth, her mother was legally married to Adelfino Medina.
Under Texas family law, a man is legally presumed to be the father of a child if
he is married to the mother of the child and the child is born during the
marriage. See id. ' 160.204(a) (Vernon Supp. 2004-05). There has been
no adjudication establishing that Moore=s son is indeed I.E.T.=s
father.  Without an official adjudication
of paternity, or a valid denial of paternity filed by the presumed father, the
presumption that Medina is I.E.T.'s father must stand, and Moore therefore has
no legal relationship to the child.

 

See In re Santos, No. 13‑05‑345‑CV, 2005 Tex. App. LEXIS 4599 at *4 ‑
5 (Tex. App.BCorpus Christi June 16, 2005, orig. proceeding) (not
designated for publication).

Since we reached these conclusions, there have been
no fundamental changes in the relationship of the parties nor has there been an
adjudication of paternity in anyone other than Medina.  Therefore, our conclusion that Moore lacks
standing to file these claims relating to this child in Nueces County still
stands.  We reiterate, however, that the
79th District Court of Jim Wells County, in which the divorce case between
Medina and relator is proceeding, may adjudicate the paternity of I.E.T, see
Tex. Fam. Code Ann. ' 160.610 (Vernon 2002), and may issue temporary
orders relating to possession and custody.  See Tex.
Fam. Code Ann. '' 105.001, 156.006 (Vernon Supp. 2004‑05). 

Conclusion








In Cause No. 05-03094-G, we grant relator=s petition for writ of mandamus, and we accordingly
order the Honorable Thomas Greenwell, presiding judge of the 319th District
Court of Nueces County, to vacate his temporary restraining order entered on
June 20, 2005, and we dismiss the underlying proceeding for lack of
jurisdiction.  

In Cause No. 05-3089-F, we grant relator=s petition for writ of mandamus, and we accordingly
order the Honorable Jose Longoria, presiding judge of the 214th District Court
of Nueces County, to vacate his interim temporary orders entered June 23, 2005,
and we grant relator=s petition for writ of habeas corpus giving her
possession of her child.  

Furthermore, given that relator=s expenses in having to retain counsel and file
pleadings in multiple courts have been solely caused by Moore=s intransigence and disregard for the previous
judgment of this Court, we order that Moore pay all of relator=s court costs and attorneys fees incurred for Cause
Nos. 04-07301-C, 05-03094-G and 05-3089-F. 
See Tex. R. App. P.
43.6.

 

                                                                                                            

 

                                                           

Rogelio Valdez,

Chief Justice

 

Memorandum Opinion delivered and filed 

this the 29th day of August, 2005.











[1]In re Santos, No. 13-05-345-CV, 2005 Tex. App.
LEXIS 4599 at *4 - 5 (Tex. App.BCorpus Christi June 16, 2005, orig. proceeding) (not
designated for publication).





[2]Id. at *6.





[3]Id. at *4 n.1.