**Opinion issued November 16, 2021**



In The

# Court of Appeals

### For The

# First District of Texas

————————————

### NO. 01-21-00226-CV

————————————

### IN RE ANCHOR DEVELOPMENT GROUP, LLC, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, Anchor Development Group, LLC ("Anchor") filed a petition for writ of mandamus challenging two trial court orders, including: (1) a January 20, 2021 order denying Anchor's motion to quash the subpoena of real party in interest, F.E.F.Y. Trust, which requested documents and information concerning Anchor, and (2) a January 22, 2021 order "that denied [Anchor's] motion for legislative continuance in part by allowing certain discovery to proceed during the

continuance."[1] Anchor's mandamus petition requests that we direct the trial court to vacate the portion of the January 20, 2021 order denying Anchor's motion to quash the third-party subpoena and to vacate the portion of the January 22, 2021 order allowing certain discovery to proceed during the legislative continuance.

We deny the petition for writ of mandamus in part and dismiss as moot in part.

Mandamus is an extraordinary remedy that is only available in limited circumstances. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). To be entitled to mandamus relief, a relator generally must show both that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004). To establish an abuse of discretion, a relator must show "a clear failure by the trial court to analyze or apply the law correctly." *See Walker*, 827 S.W.2d at 840.

In its first issue, Anchor asserts that, in connection with the January 22, 2021 order, the "trial court clearly abused its discretion by granting only a partial legislative continuance," to the extent that the trial court "still required [Anchor] to produce certain documents and allowed other parties in the case to conduct written discovery." According to Anchor, the legislative continuance statute did not permit

---

[1] The underlying case is *Ana Josefa Garcia de los Salmones, as Trustee of F.E.F.Y. Trust v. Albert Ortiz, Anchor Development Group, LLC, Texas Funding Corporation, 7502 Harrisburg, LLC, Sandra S. Cepeda, Michael Donovan, and G.H. Reid Enterprises LLC*, Cause No. 2018-72333, in the 55th District Court of Harris County, Texas, the Honorable Latosha Lewis Payne presiding.

the trial court to make any exceptions to the continuance and the trial court had a ministerial duty to stay the entire case. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 30.003(a)–(b).

Generally, when properly requested, a trial court has no discretion to refuse a request for legislative continuance. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 30.003(b); *In re Ford Motor Co.*, 165 S.W.3d 315, 318 (Tex. 2005). However, pursuant to the express language of the statute, the legislative continuance expires thirty days after the date on which the legislature adjourns sine die. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 30.003(b).

Here, Anchor properly sought a legislative continuance where one of its attorneys, Harold V. Dutton, Jr., was to "be in attendance of a Regular Session of the [Texas] Legislature beginning January 12, 2021." The Regular Session of the 87th Texas Legislature, the legislative session at issue in Anchor's motion for legislative continuance, began on January 12, 2021 and ended sine die on May 31, 2021. Therefore, Anchor's entitlement to a legislative continuance pursuant to its motion for legislative continuance ended on June 30, 2021.

Accordingly, any action taken by this Court would be rendered moot because, as of June 30, 2021, Anchor was no longer entitled to a continuance in connection with the Regular Session of the 87th Texas Legislature. *See In re McCoy*, 52 S.W.3d 297, 300 (Tex. App.—Corpus Christi–Edinburg 2001, orig. proceeding) (concluding

3

review of trial court ruling denying request for legislative continuance rendered moot because opinion issued after expiration of legislative continuance period). We dismiss Anchor's challenge to the trial court's January 22, 2021 order denying, in part, Anchor's motion for legislative continuance as moot.

In its second issue, Anchor asserts that the trial court, in the January 20, 2021 order, abused its discretion to the extent that the trial court denied Anchor's motion to quash the F.E.F.Y. Trust's third-party subpoena for documents related to Anchor. We conclude that that Anchor has failed to establish that the trial court abused its discretion and deny Anchor's challenge to the trial court's January 20, 2021 order.

## Conclusion

We deny Anchor's petition for writ of mandamus in part and dismiss it as moot in part. *See* TEX. R. APP. P. 52.8(c). All pending motions are dismissed as moot.

## PER CURIAM

Panel consists of Justices Hightower, Countiss, and Guerra.