184

In the Interest of M.L.M.:

M.L.M., David E. Braaten, Guardian ad Litem for M.L.M., Grand Forks County Social Service Board, Assignee for T.L.H., and T.L.H., Plaintiffs and Appellants,

v.

L.P.M., Defendant and Appellee.

In the Interest of J.A.M.:

J.A.M., David E. Braaten, Guardian ad Litem for J.A.M., Grand Forks County Social Service Board, Assignee for T.L.H., and T.L.H., Plaintiffs and Appellants,

v.

L.P.M., Defendant and Appellee.

In the Interest of P.K.M.:

P.K.M., David E. Braaten, Guardian ad Litem for P.K.M., Grand Forks County Social Service Board, Assignee for T.L.H., and T.L.H., Plaintiffs and Appellants,

v.

L.P.M., Defendant and Appellee.

In the Interest of A.R.H.:

A.R.H., David E. Braaten, Guardian ad Litem for A.R.H., Grand Forks County Social Service Board, Assignee for T.L.H., and T.L.H., Plaintiffs and Appellants,

v.

L.P.M., Defendant and Appellee.

Civ. Nos. 940233, 940234, 940235, 940236.

Supreme Court of North Dakota.

Feb. 28, 1995.

Timothy W. McCann, Grand Forks Regional Child Support Unit, Grand Forks, and Wesley T. Miller (argued), for plaintiffs and appellants.

Faron E. Terry, Omdahl & Terry, Grand Forks, for defendant and appellee.

VANDE WALLE, Chief Justice.

Grand Forks County Social Services, assignee for T.L.H., T.L.H. [hereinafter "Tara," a pseudonym], M.L.M., J.A.M., P.K.M., A.R.H., and David E. Braaten, Guardian ad Litem, appealed from an order of the district court, Northeast Central Judicial District, dismissing for lack of jurisdiction their paternity and child-support suits against L.P.M. [hereinafter "Larry," a pseudonym]. We affirm.

From July of 1990 through June of 1994, Tara received assistance for her four children from the Aid to Families with Dependent Children Program. During that time, she and her children resided in Grand Forks. In Tara's dealings with Grand Forks County Social Services, she named Larry as the father of her four children. Larry has acknowledged that he is the father of three of

the children. At all times relevant to this action, Larry resided on the Turtle Mountain Indian Reservation. Currently, Tara is employed on the Reservation and plans to move there with her children. Larry, Tara, and all four children are enrolled members of the Turtle Mountain Band of Chippewa Indians. The Turtle Mountain Band has not proclaimed its acceptance of the state's jurisdiction over civil matters arising on the reservation.

After serving notice to Larry at his place of employment off of the reservation, the Grand Forks Regional Child Support Enforcement Unit filed these actions for declarations of paternity and orders for child support. In its express "Findings of Fact," the district court listed the parties' enrolled membership in the Turtle Mountain Band, Tara's intent to reside and to continue working on the Reservation, and Larry's continued residence on the Reservation. It also found that if Larry is the father of the children, they were conceived on the Reservation. The district court concluded that it lacked jurisdiction and ordered the actions dismissed.

In *McKenzie County Social Services Bd. v. V.G.*, 392 N.W.2d 399 (N.D.1986), a case involving facts similar to the facts in this case, we held that the district court had no jurisdiction to decide a paternity action involving enrolled members of the Three Affiliated Tribes. We decided that federal law has not preempted that part of chapter 27–19, NDCC, that "requires consent for jurisdiction in a case between Indians for conduct on the reservation." *Id.* at 402. Citing *Williams v. Lee*, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959), we recognized that "the determination of the parentage of a child of Indian tribal members is a matter that is intimately connected with" the tribe's right of self-government. *Id.* Noting the availability of an appropriate tribal forum, we decided that the exercise of jurisdiction by the district court would unduly infringe on that right. *Id.; Williams, supra; Byzewski v. Byzewski*, 429 N.W.2d 394 (N.D.1988). *Compare, e.g., Becker County Welfare Dep't v. Bellcourt*, 453 N.W.2d 543 (Minn.Ct.App. 1990) [finding subject matter jurisdiction in a state court while expressly noting the absence of a tribal forum]; *Jackson County Child Support Enforcement Agency v. Swayney*, 319 N.C. 52, 352 S.E.2d 413 (1987) [finding jurisdiction for child-support actions but not for paternity actions]. *But see, e.g., State Dep't of Human Services v. Jojola*, 99 N.M. 500, 660 P.2d 590 (1983).

In *McKenzie County*, we stated:

"This case is between enrolled members of Three Affiliated Tribes to determine the paternity of an Indian child living with her mother on the Indian reservation. V.G. denied paternity but, alternatively, alleged that 'the events and alleged paternity' occurred on the reservation. There is nothing in this record to contradict the allegation that 'paternity' occurred on the reservation. Three Affiliated Tribes has not consented to the exercise of state court jurisdiction."

392 N.W.2d at 402.

The Grand Forks Regional Child Support Enforcement Unit attempts to distinguish *McKenzie County* by arguing that it involved children born, and not merely conceived, on the reservation. However, the *McKenzie County* opinion did not include any mention of the location of the children's birth. It noted that nothing in the record contradicted "the allegation that 'paternity' occurred on the reservation." *Id.* The Unit cites *Blacks Law Dictionary* in arguing that there can be no paternity without birth and that thus the location of the child's birth is relevant to the jurisdictional issue. However, we do not connect birth with the "occurrence of paternity" referred to in *McKenzie County*. In fact, section 14–17–11, NDCC, specifically lists as evidence of paternity "[e]vidence of sexual intercourse between the mother and the alleged father at any possible time of conception." The trial court appropriately noted that, for each of the children, if Larry was the father, "conception took place on the Indian Reservation." Larry testified at trial that his meetings with Tara that could have produced children occurred on the reservation. This testimony went uncontradicted.

The Unit also tries to distinguish *McKenzie County* because Tara lived in Grand Forks, off the reservation, for several years

and because Larry maintains steady employment outside of the reservation boundaries. In *McKenzie County*, we rejected an argument that events outside of the reservation gave the state courts jurisdiction. That argument relied "on the facts that C.F. [the mother] successfully applied for public assistance with McKenzie County outside of the reservation boundaries and that, at times, V.G. [the alleged father] has resided off the reservation." 392 N.W.2d at 402. We decided "these matters [were] insufficient to permit state court jurisdiction to hear and determine a claim between Indians for conduct on the reservation." *Id.* We do not agree with the Unit that Tara's term of residency off of the reservation and Larry's off-reservation employment are significant enough to overcome the danger that "the exercise of such jurisdiction would undermine the authority of the tribal courts over reservation affairs and thereby infringe on the right of the Indians to govern themselves." *Id.*

The district court correctly dismissed this paternity action for lack of subject-matter jurisdiction. We affirm.

SANDSTROM, NEUMANN, LEVINE and MESCHKE, JJ., concur.