Filed 12/19/13 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2013 ND 242

State of North Dakota and C.W.L., Plaintiffs and Appellees

v.

B.B. and A.T.H., Defendants

B.B., Appellant

No. 20130178

Appeal from the District Court of Sioux County, South Central Judicial District, the Honorable Sonna M. Anderson, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Sheila K. Keller, Child Support Enforcement, 316 North Fifth Street, Suite 300, P.O. Box 7310, Bismarck, N.D. 58507-7310, for plaintiffs and appellees.

Benjamin C. Pulkrabek, 402 First Street NW, Mandan, N.D. 58554-3118, for defendant and appellant.

State v. B.B.

No. 20130178

Sandstrom, Justice.

[¶1] B.B. appeals from a state court judgment establishing him as the father of the child, J.Z.T., and ordering him to reimburse the State for past support paid on behalf of the child and to pay future child support.  We affirm, concluding the state court’s exercise of jurisdiction does not infringe on the Standing Rock Sioux Tribe’s right of self-government, as claimed by B.B.

 

I

[¶2] The child was born in 2003 to the mother, A.T.H.  In July 2003, the Standing Rock Sioux tribal court awarded custody of the child to his maternal grandmother, C.W.L.  In January 2012, the State of North Dakota sued the child’s alleged father, B.B., in state court, seeking an adjudication of paternity, an award of future child support, and an order requiring B.B. to reimburse the State for public assistance provided to the custodial grandmother of the child.  Before trial, B.B. moved to dismiss for lack of jurisdiction.  The state court ruled the tribal court retained jurisdiction over the issue of residential responsibility and parenting time, but the state court had subject matter jurisdiction to decide paternity and support.

[¶3] At trial, the mother testified the child was born in Bismarck.  She testified she believes that the child’s father is B.B. and that the child was conceived in Mandan.  She also testified she never had sexual intercourse with B.B. on the Standing Rock Reservation.

[¶4] The district court found the grandmother applied for public assistance on behalf of the child and has been receiving benefits since at least November 2009.  The court also found B.B. is rebuttably the father after a genetic test indicated a 99.99 percent probability of paternity.  The court found B.B. to be the father of the child and ordered him to reimburse the State for support provided as well as to continue paying child support until the child turns eighteen.  The court also found the child, the mother, and the grandmother are all enrolled members of the Standing Rock Sioux Tribe and were all residing on the Standing Rock Sioux Reservation.  The court further found B.B. is not a member of the Standing Rock Sioux Tribe and he did not live on the reservation.

[¶5] The primary issue in this case involves the district court’s subject matter jurisdiction to decide paternity and support under N.D.C.C. §§ 27-05-06, 14-20-04, and 14-09-08 after a tribal court has already issued a custody order.  B.B.’s appeal is timely under N.D.R.App.P. 4(a).  This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28-27-01.

II

[¶6] B.B. argues the state court did not have jurisdiction to determine paternity and his support obligation, because the case began as a child custody proceeding in Standing Rock Sioux Tribal Court and the child and the custodial grandmother are enrolled members of the Standing Rock Sioux Tribe and live on the Standing Rock Sioux Reservation.

[¶7] We recently described the standard of review for a district court’s determination of subject matter jurisdiction in child custody cases involving Indian and non-Indian parents:

It is well settled under North Dakota law that challenges to a district court’s subject matter jurisdiction are reviewed de novo when the jurisdictional facts are not in dispute.  
Harshberger v. Harshberger
, 2006 ND 245, ¶ 16, 724 N.W.2d 148.  When jurisdictional facts are disputed, the district court’s decision on subject matter jurisdiction necessarily involves findings of fact and conclusions of law.  Therefore, when disputed facts surround a challenge to the district court’s subject matter jurisdiction, we are presented with a mixed question of law and fact.  
See
 
Escobar v. Reisinger
, 64 P.3d 514, 516 (N.M. Ct. App. 2003) (holding jurisdictional challenge under the Uniform Child Custody Jurisdictional Act (“UCCJA”) is mixed question of law and fact).  Under this standard, we review the “questions of law subject to the de novo standard of review [and the] findings of fact subject to the clearly erroneous standard of review.”  
Wigginton v. Wigginton
, 2005 ND 31, ¶ 13, 692 N.W.2d 108.

Kelly v. Kelly
, 2011 ND 167, ¶ 12, 806 N.W.2d 133 (quoting 
Shirado v. Foote
, 2010 ND 136, ¶ 7, 785 N.W.2d 235).  Our review of jurisdiction for this paternity and support action is under that standard; questions of law are subject to de novo review, and findings of fact are subject to the clearly erroneous standard of review.  
See
 
id.

[¶8] The district court found that the child, the grandmother, and the mother are enrolled members of the Standing Rock Sioux Tribe and that at the time of judgment, all three were residing on the Standing Rock Sioux Reservation.  The court found B.B. is not an enrolled member of that Tribe, he does not live on the Standing Rock Sioux Reservation, and he is a non-Indian.  The court also found the evidence indicated all events giving rise to the issue of paternity of the child occurred off the Standing Rock Sioux Reservation.  B.B. has not contested these findings, and because they are supported by the evidence at trial, they are not clearly erroneous.  In view of those facts found by the district court, we review the jurisdictional issue as a question of law under a de novo standard of review.

[¶9] We have considered a number of cases involving the relationship between tribal court jurisdiction and state court jurisdiction when paternity and support are contested.  In 
Roe v. Doe
, 2002 ND 136, ¶¶ 7, 12, 649 N.W.2d 566, we discussed a number of our previous cases holding a state court did not have subject matter jurisdiction and explained why the tribal courts had exclusive jurisdiction in those cases:

We based our decisions in 
McKenzie County Social Services Bd. v. V.G.
[, 392 N.W.2d 399 (N.D. 1986)], 
In re M.L.M.
[, 529 N.W.2d 184 (N.D. 1995)], and 
McKenzie County Social Service Bd. v. C.G.
[, 2001 ND 151, 633 N.W.2d 157,] on the infringement test of 
Williams v. Lee
, 358 U.S. 217 (1959).  
See
 
McKenzie County Social Services Bd. v. V.G.
, 392 N.W.2d at 402 (citing 
Williams
, 358 U.S. at 223).  Under the infringement test, state court jurisdiction over certain claims is not allowed if it “would undermine the authority of the tribal courts over reservation affairs and thereby infringe on the right of the Indians to govern themselves.”  
See
 
id.

. . . .

Two common threads running through 
McKenzie County Social Services Bd. v. V.G.
, 
In re M.L.M.
, and 
McKenzie County Social Service Bd. v. C.G.
 are the mother, the alleged father, and the child were all members of the same Indian tribe and the conduct giving rise to the paternity action occurred on that tribe’s reservation. . . . Thus, in an action to determine the paternity of a child where the mother, child, and putative father are all members of the same tribe and the cause of action arose on that tribe’s reservation, state court jurisdiction would undoubtedly infringe on the tribe’s right to govern itself[.]

[¶10] In those cases cited in 
Doe
, we held that state court jurisdiction would infringe on the right of the Indians to govern themselves because all of the relevant parties were members of the same tribe and the conduct giving rise to the action occurred on the reservation.  
Id.
  Because state court jurisdiction would infringe on the right of the Indians to govern themselves, those circumstances were sufficient to give the tribal courts exclusive jurisdiction.  
Id.
  
Doe
 nevertheless explained that if Indians go outside the reservation, they are generally subject to state law.  
See
 
id.
 at ¶ 28.  In reaching this conclusion, we followed United States Supreme Court precedent holding tribal courts have exclusive jurisdiction under two circumstances:

Included in the first category are those claims in which a non-Indian asserts a claim against an Indian for conduct occurring on that Indian’s reservation.  In the second category, are those claims in which all the parties are members of the same Indian tribe and the claim involves conduct occurring on that tribe’s reservation.

Id.
 at ¶ 8 (citing 
Williams v. Lee
, 358 U.S. 217, 223 (1959), 
and
 
Fisher v. District Court
, 424 U.S. 382, 387-89 (1976)).  In the two circumstances discussed by the United States Supreme Court, the claims come under a tribal court’s exclusive subject matter jurisdiction only when they involve conduct occurring exclusively on Indian land.  
See
 
Doe
, 2002 ND 136, ¶ 8, 649 N.W.2d 566.  When conduct has occurred outside of Indian country, even when the conduct involves only Indians, a state court has jurisdiction.  
See
 
id.
  
McKenzie County Social Services Bd. v. V.G.
, 
In re M.L.M.
, and 
McKenzie County Social Service Bd. v. C.G.
 are consistent with the United States Supreme Court decisions and our reasoning in 
Doe
 that when conduct takes place outside Indian country, the tribal court loses its exclusive subject matter jurisdiction.  
See
 
id.
 at ¶¶ 12-13.

[¶11] Under 
Doe
, even when a claim arises in Indian country, a state court has jurisdiction when the claim is brought against a non-Indian:

The question in regard to Standing Rock Sioux Tribe’s right to govern itself is, whether as a matter of law, state court jurisdiction over an action brought to establish the paternity of a child who is an Indian and resides on Standing Rock Sioux Reservation infringes on the Tribe’s right to govern itself when the action is brought by an Indian who is eligible for membership in Standing Rock Sioux Tribe, and who resides on the Reservation against a member of a different Indian tribe who is a resident of that tribe’s reservation, but is living off the reservation.  The United States Supreme Court repeatedly has approved the exercise of jurisdiction by state courts over claims by Indians against non-Indians, even when those claims arose in Indian country.

Id.
 at ¶ 19 (citation and quotation marks omitted).  In this case, neither the State nor B.B. is a member of the Standing Rock Sioux Tribe, and none of the relevant conduct has occurred on the Tribe’s lands.  These facts, in conjunction with the fact that the State’s money is involved, give the state court a significant interest in exercising jurisdiction.  In addition, this action and its outcome do not affect the Standing Rock Sioux Tribe’s sovereignty, as asserted by B.B.  The State is suing B.B. only to obtain reimbursement and to ensure he makes child support payments.

[¶12] On the undisputed facts as found by the district court in this case, we conclude as a matter of law the tribal court does not have exclusive subject matter jurisdiction over this paternity and support action.

[¶13] B.B. argues a Montana case, 
Skillen v. Skillen
, applies to this case.  In 
Skillen
, 1998 MT 43, ¶ 73, 956 P.2d 1, the Montana Supreme Court held that in a child custody proceeding in which at least one parent is Indian and living with an Indian child on the reservation, the tribal court has exclusive jurisdiction.

[¶14] In 
Doe
, we declined to rely on 
Skillen
, because conception and other events occurred outside the Indian reservation:

We do not need to reach such a holding in this case.  As discussed earlier, all of the events surrounding the relationship of Doe and Roe occurred outside the boundaries of any Indian reservation, and Doe alleges the place of conception is unknown.  Doe does not allege he and Roe had sexual intercourse on either reservation at anytime.  Under such circumstances, the existence of any tribal court jurisdiction, much less exclusive tribal court jurisdiction, is questionable.

Doe
, 2002 ND 136, ¶ 22, 649 N.W.2d 566.

[¶15] B.B. argues that because custody has already been determined in the tribal court, the tribe has continuing and exclusive jurisdiction over paternity and support.

[¶16] We specifically held in 
Kelly
, 2009 ND 20, ¶ 22, 759 N.W.2d 721, that custody can be bifurcated from other proceedings in marriage.  “Thus, even if the district court determines that the reservation is the child’s home state and that the tribal court therefore has jurisdiction over child custody, the district court retains concurrent jurisdiction over the remaining incidents of the marriage and may choose to exercise that jurisdiction . . . .”  
Id.
  Although B.B. and A.T.H. never married, the bifurcation principle of 
Kelly
 nevertheless applies in this case because multiple parties and jurisdictions are involved and each has an interest in the outcome of the proceedings.  We conclude that under 
Kelly
, the paternity and support claims brought against B.B. in state court can be bifurcated from the custody action brought in Standing Rock Sioux Tribal Court.

[¶17] Recognizing that paternity and support claims are divisible from custody determinations, and in view of the factual similarities between this case and 
Doe
, we conclude the state court has subject matter jurisdiction in this case.

III

[¶18] We affirm the district court judgment.

[¶19] Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.