McEvers, Justice.
*116 [¶1] Daniel Peltier appeals from an order denying his motion for relief from a child support judgment. Peltier argues the state district court erred in denying his motion because the Turtle Mountain Tribal Court has exclusive subject matter jurisdiction to decide his child support obligation. We conclude the state district court has concurrent jurisdiction to decide Peltier's child support obligation, and the district court did not err in denying his motion for relief from the judgment. We affirm.
I
[¶2] After a January 2009 hearing, the Turtle Mountain Tribal Court entered an order determining Peltier was the biological father of a child born to Daniell Breland in Belcourt in February 2008. The tribal court paternity order stated Peltier was an enrolled member of the Turtle Mountain Band of Chippewa Indians, Breland was an enrolled member of the Standing Rock Sioux Tribe, and they had been residing on the Turtle Mountain Indian Reservation for more than six months before the paternity proceeding was commenced. The paternity order did not address child support.
[¶3] Breland received financial assistance from the State for the child, and she assigned her right to child support to the State. Shortly thereafter, in March 2009, the State, as a statutory party in interest, brought an action against Peltier in state district court to establish his child support obligation. Peltier did not appear or respond in that action, and a state court judgment was entered in May 2009, ordering him to pay Breland $330 per month in child support.
[¶4] In September 2014, the State moved to amend the state court judgment to require Peltier to pay Breland $606 per month in child support. In October 2014, the court issued an order for judgment stating that Peltier had failed to answer the State's motion and that the judgment was amended to require Peltier to pay Breland $606 per month in child support.
[¶5] In June 2016, the state court issued an order requiring Peltier to show cause why he should not be held in contempt for failing to pay child support and why his driver's license should not be withheld, restricted, or suspended. Peltier appeared without counsel at a September 2016 hearing, and the court thereafter issued a September 12, 2016 order, finding he had the ability to pay his child support obligation, he had not made reasonable efforts to pay that amount, and he was in contempt of court. The court ordered Peltier to make payments of $606 per month to the state disbursement unit and sentenced him to ten days in jail unless he purged the contempt by making payments of no less than $606 per month beginning on October 1, 2016.
[¶6] On September 27, 2016, Peltier, without counsel, filed a motion to dismiss the child support proceeding, claiming the state court lacked subject matter jurisdiction over his child support obligation. The record does not reflect that Peltier served that motion on Breland or the State, but the record includes a letter from the clerk of court to Peltier informing him that he was responsible for following procedural rules regarding service on all parties.
[¶7] A warrant of attachment was subsequently issued for Peltier's arrest. In June 2017, Peltier, with counsel, moved to dismiss the state court proceeding under N.D.R.Civ.P. 12(b) for lack of subject matter *117 jurisdiction and to enjoin the State from withholding, restricting, or suspending his driver's license. Peltier's affidavit in support of his motion stated he was an enrolled member of the Crow Nation and was eligible for enrollment with the Turtle Mountain Band of Chippewa Indians, and he knew Breland was an enrolled member of the Standing Rock Sioux Tribe and she has continuously resided on the Turtle Mountain Indian Reservation since the child was conceived in 2007. According to Peltier, he had lived on tribal trust land within the exterior boundaries of the Turtle Mountain Indian Reservation before the child was conceived in 2007, and he worked on the Fort Berthold Indian Reservation from 2006 to 2015 but he always returned to his permanent home on tribal trust land of the Turtle Mountain Band of Chippewa Indians. Peltier's affidavit stated the child was born in 2008 in Belcourt within the exterior boundaries of the Turtle Mountain Indian Reservation and has resided on the Turtle Mountain Indian Reservation his entire life. According to Peltier, the child is an enrolled member of the Standing Rock Sioux Tribe and is eligible for enrollment with the Turtle Mountain Band of Chippewa Indians.
[¶8] The district court denied Peltier's motion to dismiss the child support proceeding for lack of subject matter jurisdiction, stating Peltier, Breland, and the child were not enrolled members of the Turtle Mountain Band of Chippewa Indians and the exercise of state court jurisdiction in this action would not infringe on the Turtle Mountain Band's tribal sovereignty. Relying on Roe v. Doe , 2002 ND 136, 649 N.W.2d 566, the district court ruled it had concurrent jurisdiction with the Turtle Mountain Tribal Court over Peltier's child support obligation.
II
[¶9] Although styled as a motion to dismiss under N.D.R.Civ.P. 12(b), Peltier's motion to dismiss was ostensibly a motion for relief from the prior judgment under N.D.R.Civ.P. 60(b)(4) on the ground that judgment was void for lack of subject matter jurisdiction. See Roe , 2002 ND 136, ¶ 6, 649 N.W.2d 566 (discussing N.D.R.Civ.P. 60(b)(iv) motion in context of state and tribal court jurisdiction and recognizing district court judgment entered without subject matter jurisdiction is void). In analyzing a motion under N.D.R.Civ.P. 60(b)(4), a district court has no discretion in deciding whether to grant the motion if the court lacked subject matter jurisdiction, but the party bringing the motion must show sufficient grounds for disturbing the finality of the earlier judgment. Roe , at ¶ 6.
[¶10] In State v. B.B. , 2013 ND 242, ¶ 7, 840 N.W.2d 651 (quoting Kelly v. Kelly , 2011 ND 167, ¶ 12, 806 N.W.2d 133 ), we described our standard of review of a state court's determination of subject matter jurisdiction in child custody cases involving Indian parents:
It is well settled under North Dakota law that challenges to a district court's subject matter jurisdiction are reviewed de novo when the jurisdictional facts are not in dispute. Harshberger v. Harshberger , 2006 ND 245, ¶ 16, 724 N.W.2d 148. When jurisdictional facts are disputed, the district court's decision on subject matter jurisdiction necessarily involves findings of fact and conclusions of law. Therefore, when disputed facts surround a challenge to the district court's subject matter jurisdiction, we are presented with a mixed question of law and fact. See Escobar v. Reisinger , [133 N.M. 487], 64 P.3d 514, 516 (N.M. Ct. App. 2003) (holding jurisdictional challenge under the Uniform Child Custody Jurisdictional Act ("UCCJA") is mixed question *118 of law and fact). Under this standard, we review the "questions of law subject to the de novo standard of review [and the] findings of fact subject to the clearly erroneous standard of review." Wigginton v. Wigginton , 2005 ND 31, ¶ 13, 692 N.W.2d 108.
Our review of jurisdiction in this child support proceeding is under that standard-questions of law are subject to de novo review and findings of fact are subject to the clearly erroneous standard of review. B.B. , at ¶ 7.
III
[¶11] Peltier argues the state district court lacked subject matter jurisdiction over this child support proceeding because it involves tribal members who reside on the Turtle Mountain Indian Reservation, the Turtle Mountain Tribal Court issued the paternity order, and a tribal forum exists to resolve child support. He claims all the parties in this case are eligible for enrollment in the Turtle Mountain Band of Chippewa Indians and fall under the jurisdiction of the Turtle Mountain Tribal Court. He asserts the Turtle Mountain Tribal Court has exclusive jurisdiction over all controversies arising on the Turtle Mountain Indian Reservation between enrolled members and non-enrolled members residing on the reservation. He thus argues the tribal court has exclusive jurisdiction to decide his child support obligation and the state court proceeding must be dismissed.
[¶12] The State responds the district court had concurrent subject matter jurisdiction to establish a child support obligation against a nonmember Indian residing within the boundaries of the Turtle Mountain Indian Reservation after paternity had previously been decided and no other child support order existed.
[¶13] Under certain circumstances, we have held that tribal courts have exclusive jurisdiction to decide parentage of a child of Indian tribal members. McKenzie Cty. Soc. Serv. Bd. v. C.G. , 2001 ND 151, ¶ 18, 633 N.W.2d 157 ; In re M.L.M. , 529 N.W.2d 184, 186 (N.D. 1995) ; McKenzie Cty. Soc. Servs. Bd. v. V.G. , 392 N.W.2d 399, 402 (N.D. 1986). Our decisions in those cases were based on the infringement test from Williams v. Lee , 358 U.S. 217, 223, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959), under which state court jurisdiction over certain claims is not allowed if that jurisdiction "would undermine the authority of the tribal courts over Reservation affairs and hence would infringe on the right of the Indians to govern themselves." We explained that under the infringement test, the United States Supreme Court has identified two categories of claims over which tribal courts have exclusive civil jurisdiction: (1) a claim by a non-Indian against an Indian for conduct occurring on that Indian's reservation; and (2) a claim in which all the parties are members of the same Indian tribe and which involves conduct occurring on that tribe's reservation. Roe , 2002 ND 136, ¶ 8, 649 N.W.2d 566 (citing Fisher v. Dist. Court , 424 U.S. 382, 387-89, 96 S.Ct. 943, 47 L.Ed.2d 106 (1976) and Williams, 358 U.S. at 223, 79 S.Ct. 269 ). In Roe , at ¶ 8, we also noted that "an Indian tribe has exclusive jurisdiction over wholly internal tribal subject matter, such as membership disputes, divorce actions between members domiciled on the reservation, and certain probate actions," and that "under the Indian Child Welfare Act [ICWA], Congress has given tribal courts exclusive jurisdiction 'over any child custody proceeding involving an Indian child who resides or is domiciled within the reservation of such tribe, except where such jurisdiction is otherwise vested in the State by existing Federal law,' " but "[n]either paternity proceedings nor custody *119 proceedings that are part of a divorce action fall under ICWA's mandate of exclusive tribal court jurisdiction."
[¶14] Roe involved a paternity and child support action, and we said the two common threads from C.G. , 2001 ND 151, 633 N.W.2d 157, M.L.M. , 529 N.W.2d 184, and V.G. , 392 N.W.2d 399, were that the mother, the alleged father, and the child were all members of the same Indian tribe and that the conduct giving rise to the paternity action occurred on that tribe's reservation. Roe , 2002 ND 136, ¶ 12, 649 N.W.2d 566. In Roe , however, the parties were not all members of the same Indian tribe and nothing in the record indicated the conduct giving rise to the action occurred within the exterior boundaries of an Indian reservation. Id. at ¶¶ 13-17. In assessing a tribe's interests in actions involving non-Indians and nonmember Indians, we cited United States Supreme Court precedent for the principle that tribes are not fungible groups of homogenous persons among whom any Indian would feel at home, and for most practical purposes, nonmember Indians stand on the same footing as non-Indian residents on the reservation and are viewed no differently from non-Indians with respect to the extent of inherent tribal authority. Id. at ¶ 14. In Roe , at ¶¶ 18-32, we applied those principles about a tribal court's jurisdiction over nonmember Indians and specifically addressed whether a judgment in a prior state court paternity action was void because the exercise of state court jurisdiction would infringe on the respective rights of the Standing Rock Sioux Tribe's right to govern itself, or the Three Affiliated Tribe's right to govern itself. Under the circumstances in that case involving members of different tribes and conduct occurring outside any reservation, we concluded the record did not support a determination that the prior paternity judgment infringed on any tribe's right to govern itself and the prior state court judgment was not void as a matter of law. Id. Our decision in Roe , at ¶ 14, explicitly recognized that for tribal and state court jurisdictional purposes, membership in a certain tribe was crucial and nonmember Indians stand on the same jurisdictional footing as non-Indians residing on a reservation.
[¶15] In analyzing Peltier's motion, the district court relied heavily on Roe and concluded it had concurrent jurisdiction to decide child support after discussing the issue of the parties' status as enrolled members of other tribes:
In considering the facts of the present case, as it impacts the Court's analysis to the issue of jurisdiction between the state court and tribal court, the Court notes one important fact not argued by either party. Neither of the parties or the child are enrolled members of the Turtle Mountain Band of Chippewa Indians. The Defendant testifies by his affidavit that he is an enrolled member of the Crow Nation, but eligible for enrollment with the Turtle Mountain Band of Chippewa Indians. The Defendant further testifies that both mother and child are enrolled members of the Standing Rock Sioux Tribe. Thus, while conception may have occurred within the boundaries of the Turtle Mountain Indian Reservation, and the parties have lived within those same boundaries, vitally important to the Court's analysis is the fact that none of the parties are enrolled members of the Turtle Mountain Band of Chippewa Indians.
....
The present case does not impact the issue of paternity of the child, and the evidence establishes that neither of the parents, or the child, are enrolled member of the Turtle Mountain Tribe. In this case, the state has commenced an action *120 against the Defendant to obtain reimbursement for public funds expended for the child, and to ensure that the Defendant makes his child support payments. The exercise of state court jurisdiction in this matter doesn't seem to "undermine the authority of the tribal courts over reservation affairs and thereby infringe on the right of the Indians to govern themselves." Williams v. Lee , 358 U.S. 217 [79 S.Ct. 269, 3 L.Ed.2d 251] (1959). As none of the individuals in this matter are members of the Turtle Mountain Indian Reservation, when the state is expending financial assistance for the child, this state court case involving non-enrolled individuals living on the Turtle Mountain Indian Reservation, which reservation is located near the state court, does not seem to impact the Turtle Mountain Indian Tribe's ability to govern Turtle Mountain Tribal Members or Turtle Mountain Tribal Affairs.
....
Presently, while most, but not all of the parties' conduct has taken place on Turtle Mountain Tribal land, because no one is a member of Turtle Mountain, and because the state's money has been involved, the state court has a significant interest in exercising jurisdiction. Therefore the state court has concurrent jurisdiction with the tribal court, and the exercise of such jurisdiction in this matter will not affect the Turtle Mountain Tribe's sovereignty.
As such, the Court determines that the Defendant has not met his burden of proof for disturbing the finality of the state court judgment in this matter. The Court finds that concurrent jurisdiction exists in this case, and that the previous and ongoing state court action with respect to the Defendant's child support obligation does not infringe on the Turtle Mountain Indian Tribe's ability to govern its own members. The Defendant's motion to dismiss this action based upon a lack of subject matter jurisdiction is denied.
[¶16] Peltier's affidavit in support of his motion to dismiss states he is an enrolled member of the Crow Nation, he is eligible for enrollment with the Turtle Mountain Band of Chippewa Indians, and he knew Breland was an enrolled member of the Standing Rock Sioux Tribe and has continuously lived within the exterior borders of the Turtle Mountain Indian Reservation since the child was conceived in 2007. According to Peltier, he has lived on tribal trust land since the child was conceived in 2007, and he worked on the Fort Berthold Indian Reservation as needed from 2006 to 2015 and always returned to his permanent home on tribal trust land on the Turtle Mountain Indian Reservation. Peltier's affidavit stated the child was born in February 2008 within the exterior boundaries of the Turtle Mountain Indian Reservation, the child has resided on that reservation his entire life, and the child is an enrolled member of the Standing Rock Sioux Tribe and eligible for enrollment with the Turtle Mountain Band of Chippewa Indians.
[¶17] Although the initial paternity order stated Peltier was an enrolled member of the Turtle Mountain Band of Chippewa Indians, his affidavit in support of his motion for relief from the state court judgment stated he is an enrolled member of the Crow Nation and is eligible for enrollment with the Turtle Mountain Band of Chippewa Indians. A party bringing a motion for relief from a prior judgment must show sufficient grounds for disturbing the finality of the earlier judgment. Roe , 2002 ND 136, ¶ 6, 649 N.W.2d 566. The district court was entitled to rely on Peltier's affidavit as a correct statement of his status as an enrolled member of the Crow Nation *121 for purposes of this proceeding. On this record, we cannot say the court clearly erred in ascertaining Peltier's status as an enrolled member of the Crow Nation.
[¶18] While we recognize that a tribe has exclusive jurisdiction to determine its membership requirements, under the Crow Tribe of Indians Constitution and Bylaws for membership, dual membership in tribes is prohibited and "[n]o person who is or becomes a member of another tribe, band or group of Indians shall be eligible for enrollment in the Crow Tribe of Indians unless he/she shall first relinquish in writing all rights to membership in such other tribe, band or group of Indians." 2001 Const. & Bylaws of the Crow Tribe of Indians , art. III, § 2 (July 14, 2001) (http://www.crow-nsn.gov/constitutions-and-bylaws.html). According to the Crow Tribe Bylaws, Peltier, as an enrolled member of the Crow Nation, cannot be a member of the Turtle Mountain Band of Chippewa Indians, and he is a non-Indian for purposes of the Turtle Mountain Band of Chippewa Indian's right to self government. See Roe , 2002 ND 136, ¶¶ 14, 21, 649 N.W.2d 566.
[¶19] According to Peltier, Breland and the child are enrolled members of the Standing Rock Sioux Tribe and the child is eligible for enrollment with the Turtle Mountain Band of Chippewa Indians. In order to be a member of the Standing Rock Sioux Tribe, an Indian must also relinquish any membership rights he or she has in any other tribe. Standing Rock Sioux Tribal Code of Justice , Title X, ch. 10-106 (Mar. 11, 2009) (https://www.standingrock.org/content/title-x-10-enrollment). See Roe , 2002 ND 136, ¶ 14, 649 N.W.2d 566. Under the Standing Rock Sioux Tribal Code of Justice, Breland and the child, as enrolled members of the Standing Rock Sioux Tribe, cannot be members of the Turtle Mountain Band of Chippewa Indians, and they are non-Indians for purposes of that tribe's right of self-government.
[¶20] A party bringing a motion for relief under N.D.R.Civ.P. 60(b)(4) must show sufficient grounds for disturbing the finality of the earlier judgment. Roe , 2002 ND 136, ¶ 6, 649 N.W.2d 566. There is no evidence in this case of any conduct occurring on either the Crow or the Standing Rock Sioux Reservations. On this record, we conclude state court jurisdiction over this child support proceeding does not infringe on the right of self-government of the Crow or the Standing Rock Sioux Tribes.
[¶21] Unlike Roe , however, the evidence in this case establishes the child was conceived and born on the Turtle Mountain Indian Reservation and the parties all live there now. Those facts are different from the facts in Roe , but according to Peltier, all the relevant individuals are enrolled members of other tribes. Under the laws of the Crow and Standing Rock Sioux Tribes, membership requires relinquishment of any membership in the Turtle Mountain Band of Chippewa Indians. As a result, Peltier, Breland, and the child are nonmember Indians residing on the Turtle Mountain Band of Chippewa Indians with the same status as non-Indians residing on the reservation for purposes of the tribe's right to govern itself. As we explained in Roe , 2002 ND 136, ¶ 19, 649 N.W.2d 566, the infringement test does not preclude a state court from exercising jurisdiction over an action against a nonmember Indian. On this record and under Roe , we conclude Peltier, as a nonmember Indian living on the Turtle Mountain Indian Reservation, has not met his burden of showing the Turtle Mountain Tribal Court has exclusive jurisdiction over this child support proceeding. We therefore conclude the state district court did not err in concluding *122 state court jurisdiction over child support in this case would not undermine the authority of the Turtle Mountain Tribal Court over reservation affairs and infringe on the right of the tribe to govern itself.
IV
[¶22] We affirm the order denying Peltier's motion for relief from the judgment.
[¶23] Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Gerald W. VandeWalle, C.J.